UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BEATRICE SHIRLEY WILLIAMS STEELE,

Plaintiff,

-against-

1085 NELSON LLC APTS; ITA R. FLUG,

Defendants.

25-CV-1664 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is appearing *pro se*, invokes the court's federal question jurisdiction, alleging that Defendants violated her federal constitutional rights and her rights under state law. By order dated March 18, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead her claims in an amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Plaintiff filed the complaint without the $405.00 in fees required to bring a civil action in this court or an IFP application. By order dated February 27, 2025, the court directed her to cure this deficiency, and Plaintiff filed an IFP application on March 10, 2025.

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action against 1085 Nelson LLC Apts., which appears to be her landlord, and its attorney Ita Flug. The following facts are drawn from the complaint.[2] Plaintiff received a statement from 1085 Nelson LLC Apts. indicating that she owed a balance of

---

[2] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other spelling, grammar, and punctuation are as in the original unless noted otherwise.

$5,033.55. Plaintiff alleges, "I can show from bank statement check was written money available I called Bank Fraud Department they said check was rejected by landlord and therefore I held rent money orders for Nov, Dec, Jan for court date[.]" (ECF 1, at 5.) Plaintiff was told by a judge that she owed money to her landlord, which Plaintiff then paid.

Plaintiff states that the "reason for th[is] law suit" is that "no repairs were done" and "no new stove or refrigerator" was installed "by a certain time never mentioned in court." (*Id.* at 6.)

Plaintiff seeks money damages.

Plaintiff attaches to the complaint a June 20, 2023 non-payment petition filed against her by Nelson Apts. LLC in the Civil Court of the City of New York, County of Bronx, Housing Part, which was signed by Defendant Flug, and which stated that she had a balance due of $5,033.55; a largely illegible settlement stipulation in Plaintiff's housing court matter; several eviction notices; copies of Plaintiff's bank statements; and other documents related to Plaintiff's finances.

## DISCUSSION

### A.    Subject matter jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has jurisdiction only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see*

Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Here, Plaintiff invokes the court's federal question jurisdiction and asserts that Defendants violated her federal constitutional rights. Such claims arise under 42 U.S.C. § 1983. A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Because Defendants 1085 Nelson LLC Apts. and Ita Flug are private parties who are not alleged to work for any state or other government body, Plaintiff cannot bring constitutional claims against them

under Section 1983. Plaintiff does not invoke any other federal cause of action, nor do her allegations, construed liberally, suggest any viable claim under federal law.

Plaintiff may be attempting to assert claims under state law, but she does not allege facts demonstrating that the Court has diversity of citizenship jurisdiction to consider her state law claims. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). For diversity purposes, an individual is a citizen of the state where he is domiciled, which is defined as the place where a person "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). A corporation is a citizen of both the State where it is incorporated and the State where it has its principal place of business, generally its headquarters, *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010), and a limited liability company is deemed to be a citizen of each state of which its members are citizens, *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). *See also Moran v. Proskauer Rose LLP*, No. 1:17-CV-0423, 2017 WL 3172999, at *3 (N.D.N.Y. July 26, 2017) (holding that a limited liability partnership retains the state citizenships of all of its members).

Here, Plaintiff alleges that she is a citizen of the State of New York. She provides a Franklin Square, New York, business address for Flug, but she does not allege the members of 1085 Nelson LLC or the states of which they are citizens. Because Plaintiff does not allege the states of citizenship of the defendants, she does not demonstrate complete diversity of the parties.

To establish diversity jurisdiction, the plaintiff must also allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory

jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Although Plaintiff appears to seek $1 million in damages, her factual allegations do not sufficiently demonstrate that her claims are worth more than the $75,000 jurisdictional threshold.

Because Plaintiff does not allege facts demonstrating that the Court has federal question jurisdiction or diversity jurisdiction of her claims, the Court dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court grants Plaintiff leave to replead her claims in an amended complaint. If Plaintiff seeks to assert claims under the court's federal question jurisdiction, she must allege facts demonstrating a federal cause of action. If Plaintiff seeks to assert state law claims under the Court's diversity jurisdiction, she must first allege that facts demonstrating complete diversity of the parties. Plaintiff must identify the citizenship of the members 1085 Nelson LLC, as well as the citizenship of any other defendant she seeks to sue. Plaintiff must also allege facts demonstrating that her claims are worth at least $75,000. Plaintiff's amended complaint must also comply with the Rule 8 of the Federal Rules of Civil Procedure, which requires a plaintiff to allege enough factual detail to allow the Court to draw the inference that each defendant is liable for the alleged misconduct.

### B.    Application for *pro bono* counsel

Plaintiff submitted an application for the court to request *pro bono* counsel. (ECF 2.) The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because the Court

is dismissing this action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date, should she file an amended complaint.

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to demonstrate that the Court has subject matter jurisdiction of this action, the Court grants her 30 days' leave to amend her complaint to cure the deficiencies identified above.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), with 30 days' leave to replead.

The Court denies Plaintiff's application for the court to request *pro bono* counsel without prejudice to renewal at a later time. (ECF 2.)

The Court directs the Clerk of Court to hold this matter open on the docket until a civil

judgment is entered.

SO ORDERED.

Dated:    June 3, 2025
          New York, New York

_Louis L. Stanton_
_____
Louis L. Stanton
U.S.D.J.