UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BEATRICE SHIRLEY WILLIAMS STEELE,

          Plaintiff,

-against-

1085 NELSON LLC APTS,

          Defendant.

25-CV-1664 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

    Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this complaint alleging that Defendants violated her rights. By order dated June 5, 2025, the Court dismissed the complaint for lack of subject matter jurisdiction, but granted Plaintiff leave to replead her claims. Plaintiff filed an amended complaint on June 18, 2025, and the Court has reviewed it. The Court dismisses this action for the reasons set forth below.

## BACKGROUND

    Plaintiff originally brought this action against 1085 Nelson LLC Apts., which appears to be her landlord, and its attorney, Ita Flug. Although the original complaint was confusing, Plaintiff appeared to allege that she withheld rent money from her landlord because it did not make certain repairs she requested, and that a judge directed her to pay her landlord, which she did.

    By order dated June 5, 2025, the Court dismissed the complaint for lack of subject matter jurisdiction. The Court held that it lacked federal question jurisdiction of the action because, despite Plaintiff's assertions that Defendants violated her federal constitutional rights, she cannot assert a viable constitutional claim against them under 42 U.S.C. § 1983 because they are private parties. The Court further determined that Plaintiff's allegations, construed liberally, did not

suggest any viable claim arising under federal law. The Court also held that Plaintiff did not allege facts demonstrating that the Court had diversity jurisdiction of her claims. Because Plaintiff alleged that she is a citizen of the State of New York, provided a New York business address for Flug, and did not allege the citizenship of the members of 1085 Nelson LLC, the Court held that Plaintiff did not demonstrate complete diversity of the parties. The Court further held that, although Plaintiff sought $1 million in damages, her factual allegations did not sufficiently demonstrate that her claims were worth more than the $75,000 jurisdictional threshold. The Court granted Plaintiff leave to file an amended complaint alleging facts demonstrating a viable federal cause of action, or, if she seeks to assert state law claims under the Court's diversity jurisdiction, to allege facts demonstrating that the parties are citizens of different states and that her claims are worth more than $75,000.

On June 18, 2025, Plaintiff filed an amended complaint in which she names 1085 Nelson LLC as the sole defendant. Plaintiff invokes the Court's diversity of citizenship jurisdiction, and states that Defendant violated her "right to be free from harassment, discrimination and retaliatory actions by landlords." (ECF 9, at 2.)[1] She also seeks to "challenge illegal eviction attempts, habitability and repairs" and to ensure maintenance of various household appliances. (*Id.*)

In the "facts" section of the amended complaint form, Plaintiff alleges, "The defendant refuses to take off the payment received from Oct 31, 2024[.] Payments were received through HRA as well as myself thr[ough] order of the court then again 1/7/2025 payment again was received through court[.] I issued money orders and covered the balances." (*Id.* at 5.)

---

[1] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the amended complaint. All other spelling, grammar, and punctuation are as in the original document.

Plaintiff further alleges that a court stipulation stated that renovations to her apartment should have been completed by a certain date, but the renovations were not completed on time. Plaintiff suggests that she made payments to the landlord, but the payments were either not received or not credited to her. Defendant

> refuse[d] to acknowledge . . . payment or renovate apartment in which I asked if I could have the bathroom remodeled as well as purchase a new stove and refrigerator they took me to court still showing after being paid that I owe 3000 dollars calling me in my ear telling me to bring money downstairs as well as children attorney that I know and employer.

(*Id.* at 7.)

Plaintiff seeks $100,000 in damages for pain and suffering and for new household appliances.

## DISCUSSION

The Court dismisses the amended complaint for the same reason it dismissed the original complaint, that is, for lack of subject matter jurisdiction. Plaintiff does not invoke federal question jurisdiction, and she alleges no facts suggesting a viable claim under arising under federal law.

Plaintiff attempts to assert claims under state law, but she does not allege facts demonstrating that the Court has diversity of citizenship jurisdiction of her claims. For diversity purposes, an individual is a citizen of the state where he is domiciled, which is defined as the place where a person "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). A corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business, generally its headquarters, *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010), and a limited liability company is deemed to be a citizen of each state of which its members are citizens, *Bayerische Landesbank,*

*N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). *See also Moran v. Proskauer Rose LLP*, No. 1:17-CV-0423, 2017 WL 3172999, at *3 (N.D.N.Y. July 26, 2017) (holding that a limited liability partnership retains the state citizenships of all of its members).

Plaintiff alleges that she is a citizen of the State of New York. Defendant is a limited liability company, and, while Plaintiff provides a New Jersey P.O. box mailing address for Defendant, she does not allege any facts about the citizenship of the members of the limited liability company.[2] Because Plaintiff does not allege the citizenship of the Defendant, she does not demonstrate complete diversity of the parties. The Court therefore lacks diversity of citizenship jurisdiction to consider any state law claims she may be asserting.

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff has already been granted an opportunity to amend her complaint, and because her amended complaint includes no indication that the defects in Plaintiff's amended complaint can be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Court dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[2] The New York Department of State's Business Entity Database indicates that Defendant was formed in Suffolk County, New York, and maintains a mailing address in Rock Hill, New York. It does not provide the members of the LLC or their states of citizenship.

      The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   August 12, 2025
           New York, New York

                                                              *Louis L. Stanton*
                                                               Louis L. Stanton
                                                                    U.S.D.J.